UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA )
) 1:00-CR-70
v. ) *Collier*
)
ANTONIO EDWARDS )
)

# M E M O R A N D U M

Defendant Antonio Edwards ("Defendant") has filed a *pro se* motion pursuant to Fed. R. Crim. P. 41(g) for return of certain property (Court File No. 186). After being ordered to do so by the Court (Court File No. 189), the Government filed a response (Court File No. 190). For the following reasons, the Court will **DENY** Defendant's motion for return of property (Court File No. 186).

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

Defendant states during a search of property at 3200 Calhoun Avenue ("Kandy Kustom") on May 20, 2000, officers seized a variety of illegal drugs, five cellular telephones, a quantity of ammunition, various documents, and a large sum of United States currency.[1] Defendant asserts "[t]he record will support that the defendant Edwards did sign for this money" (Court File No. 186

---

[1] Defendant states only $24,957 in United States currency was found in the residence (Court File No. 186 at 2). However, the evidence inventory from the May 20, 2000 search indicates a total of $28,487 in "cash" seized from Defendant, co-defendant Dewayne Ervin, and "Albert House" (*see* Court File No. 190, Exh. 2) and the notices of property seizure and forfeiture of conveyances, affidavits in support of forfeiture warrants, and State of Tennessee drug asset forfeiture warrants all indicate a total of $25,757 in United States currency and a "1991 Chevy Caprice" automobile were seized from Defendant and a "John Doe (Alias)" on May 20, 2000 (*see* Court File No. 190, Exh. 3-8). The exact amount of United States currency seized is not important to the Court's decision on this motion.

at 2). However, Chattanooga Police Officers issued two forms entitled "Notice of Property Seizure and Forfeiture of Conveyances" and Defendant refused to sign one form, acknowledging he had been given notice of the seizure of a 1991 Caprice automobile, $10,942 in United States currency, and five kilos plus one pound of cocaine and marijuana (*see* Court File No. 190, Exh. 3); a "John Doe (Alias)" also did not sign the other form, acknowledging he had been given notice of the seizure of $14,815 in United States currency and five kilos plus one pound of cocaine and marijuana (*see* Court File No. 190, Exh. 4). Additionally, Paris A. Gillette, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") who worked with the Chattanooga Police Department and agents with the Drug Enforcement Administration ("DEA") in the investigation of Defendant, states to the best of his recollection, no individual including Defendant claimed ownership of the drugs or United States currency found during the search (Court File No. 190, Exh. 1, Affidavit of Paris A. Gillette ("Gillette Aff."), ¶ 3). Special Agent Gillette also states the search at issue was pursuant to a state search warrant obtained by members of the Chattanooga Police Department (*Id.*).

     Defendant was arrested on the same day as the search detailed above. Defendant later was indicted by a federal grand jury on June 16, 2000 (Court File No. 24); the federal grand jury then issued a superseding indictment on July 11, 2000 (Court File No. 35). Defendant filed a motion to suppress the evidence seized in the May 20, 2000 search from 3200 Calhoun Avenue on August 21, 2000 (Court File Nos. 64, 65), but pleaded guilty to Count One of the superseding indictment, conspiracy to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), on September 8, 2000. The Court later denied Defendant's motion to suppress (Court File No. 105) and Defendant reserved the right to appeal that denial. On, February 21, 2003,

2

the Court sentenced Defendant to a term of imprisonment of 151 months. Defendant's judgment did not include any forfeiture of United States currency or other property (*see* Court File No. 173). Defendant directly appealed his judgment to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), which upheld the judgment, specifically upholding the Court's holding the May 20, 2000 search legal. *United States v. Edwards*, 84 Fed. Appx. 556, 558 (unpublished) (6th Cir. Dec. 8, 2003).[2]

## II. ANALYSIS

Defendant now requests an order requiring the Government and the DEA to return property seized on the date of his arrest, May 20, 2000, relying on Fed. R. Crim. P. 41(g). Defendant states he was gainfully employed and this currency "was in fact money from his business" (Court File No. 186 at 2). Defendant further argues no forfeiture order was entered in this case, therefore the Government is not entitled to keep the currency and its retention of the currency is illegal.

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . ." A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).

---

[2]The Court originally sentenced Defendant on March 23, 2001 (*see* Court File No. 134), but his appeal of that judgment was dismissed by the Sixth Circuit for lack of prosecution (*see* Court File No. 152). Following Defendant's filing of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Case No. 1:01-CV-258), which the Court granted, the Court resentenced Defendant on February 13, 2003 to the same sentence originally issued so he could pursue another direct appeal. The Sixth Circuit affirmed this judgment in *United States v. Edwards*, 84 Fed. Appx. 556 (unpublished) (6th Cir. Dec. 8, 2003).

3

It appears from the record the property seized was subject to an administrative forfeiture proceeding by the state of Tennessee (*see* Court File No. 190, Exh. 3-8). Accordingly, the Court does not retain equitable jurisdiction over Defendant's claims because those items have been the subject of an administrative proceeding and he would have had an adequate remedy in the administrative proceeding. *See Linarez v. United States Dep't of Justice*, 2 F.3d 208, 213 (7th Cir. 1993); *see also United States v. Griffin*, 1993 WL 150746, at * 1 (6th Cir. May 10, 1993) (unpublished). Ordinarily, once a civil forfeiture action has begun, the district court loses jurisdiction to adjudicate the matter in a peripheral setting such as a Rule 41(g) motion, since the claimant has an adequate administrative remedy. *See Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989); Wright, King & Kline, Federal Practice & Procedure (Criminal 3d.) § 673, p. 357. However, a property owner may pursue "collateral due process attacks on administrative forfeitures." *United States v. Giraldo*, 45 F.3d 509, 511 (1st Cir. 1995); *see also United States v. Campbell*, 3 Fed. Appx. 381.383 (6th Cir. 2001).

Defendant has not argued his due process rights were violated in the administrative proceeding, therefore the Court may not evaluate the one claim over which it has jurisdiction in this proceeding. Even if the Court had jurisdiction over Defendant's more general claims pursuant to Rule 41(g), however, the Court would deny them nonetheless.

First, the Court would note it previously found the search at issue was lawful when it denied Defendant's suppression motion (*see* Court File No. 105), and that decision was upheld by the Sixth Circuit. *Edwards*, 84 Fed. Appx. at 558. Therefore, the property was not subject to an "unlawful search and seizure" under Rule 41(g).

Second, the Government in its response notes the search on May 20, 2000 was conducted

4

by the Chattanooga Police Department, pursuant to a search warrant issued by the state of Tennessee. Where the federal government never had possession of the property in question, denial of a Rule 41(g) motion is proper. *See United States v. Obi*, 100 Fed. Appx. 498, 499 (6th Cir. 2004) (district court did not abuse discretion in denying Rule 41(g) motion where vehicle was impounded by state police officers and seizure of other property was conducted by state police officers pursuant to a search warrant issued by a Michigan state court). The Government has submitted the affidavit of Special Agent Gillette, stating the Chattanooga Police Department seized the property in question, the property was never seized or in the possession of any federal agency, and to his knowledge, the state of Tennessee subsequently administratively forfeited that property without any involvement of the ATF or DEA (*see* Gillette Aff.; *see also* Court File No. 190, Exh. 2-8). In addition to the affidavit of Special Agent Gillette, the Government has attached to its response various documents recording the seizure and forfeiture of the property at issue[3] (*see* Court File No. 190, Exh. 2, Inventory of Property/Evidence; Exh. 3-4, State of Tennessee Notices of Property Seizure and Forfeiture of Conveyances; Exh. 5, 7 State of Tennessee Affidavits in Support of Forfeiture Warrants; Exh. 6, 8, State of Tennessee Drug Asset Forfeiture Warrants). These documents support the Government's assertion the property in question was seized and forfeited by the state of Tennessee rather than the federal government or any federal agency.

Because Defendant cannot show the federal government ever actually or constructively possessed the property at issue, his motion must fail. *See Obi*, 100 Fed. Appx. at 499 (*citing Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999)).

---

[3]The Government did not include the final forfeiture documentation, noting it requested the forfeiture files from the State of Tennessee Department of Safety but those materials have been archived and will not be available for some time (Court File No. 190, p. 2).

Finally, Defendant has presented no evidence in this case, other than his bare assertion, showing he ever asserted ownership over any of the property seized from 3200 Calhoun Avenue on May 20, 2000. Defendant has not submitted any documentation he filed any claim for the currency during the administrative forfeiture proceedings by the state of Tennessee. The Government has presented documentary evidence, specifically the Notices of Property Seizure and Forfeiture of Conveyances, indicating Defendant refused to acknowledge he received a notice of seizure of $10,942 in United States currency, and another "John Doe (alias)" also refused to acknowledge he received a notice of seizure of $14,815 in United States currency (Court File No. 190, Exh. 3-4). Without at least claiming some ownership interest in the property, Defendant cannot make a claim for its return.

### III. CONCLUSION

For all the foregoing reasons, therefore, the Court will **DENY** Defendant's motion for return of property (Court File No. 186).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**